UNITED STATES of America, Plaintiff-Appellee,

v.

Gary Donald MINER, Defendant-Appellant.

No. 72–3204.

United States Court of Appeals, Ninth Circuit.

Aug. 1, 1973.

Land Wayland, Deputy Federal Public Defender (argued), John K. Van De Kamp, Federal Public Defender, Michael J. Lightfoot, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

William John Rathje, Asst. U. S. Atty. (argued), William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before DUNIWAY and WRIGHT, Circuit Judges, and RENFREW,* District Judge.

## OPINION

DUNIWAY, Circuit Judge:

██ Miner appeals from his conviction for possessing amphetamine pills with intent to distribute them, 21 U.S.C. § 841(a)(1). He challenges only the denial of his motion to suppress the pills as the fruit of an improper search. We remand for further proceedings.

On April 28, 1972, at Los Angeles International Airport, Miner approached the counter to check in for a United Air Lines flight from Los Angeles to Portland, Oregon. He was in a hurry, seemed nervous, and was determined by one of the ticket agents on duty to fit the Federal Aviation Administration's "profile" of possible airline highjackers. Two airline employees thereupon escorted Miner to a different area of the airport and asked him to walk through a magnetometer, a gadget designed to detect the presence of metal on boarding passengers. Miner complied, but the machine did not register. A third airline employee joined the group. Miner was then asked to open a small suitcase which he was carrying, but refused to do so.

The evidence conflicts at this point. The airline employees testified that, after Miner's refusal to open the suitcase, they told him that he could leave if he wished, but that if he wanted to board the plane he would have to submit to a search of his luggage. Miner said that he was told nothing regarding his right to terminate the search by electing not to board the plane. The witnesses agreed that, following further requests, Miner opened the suitcase and the am-

phetamine pills were discovered. The district court denied the motion to suppress without making findings of fact.

Our decision in United States v. Davis, 9 Cir., 1973, 482 F.2d 893, settles the basic validity of the airport search program. It also establishes that the program is so much a governmental one that the Fourth Amendment applies, even though, as in this case, the search is by airline employees.

██ We think that, as suggested in *Davis,* Miner's approaching the counter with the obvious intention of boarding a plane amounted to an implied "consent" within the meaning of *Davis.* The search took place when concern over the problem of airplane hijacking was at its peak, *see generally Davis, supra,* 482 F. 2d at 897–902, and some three months after the FAA had ordered the airlines to screen all potential passengers. *Id.* 482 F.2d at 899–901. Moreover, Miner admitted that he had flown six or seven times before, that he had seen signs warning that all passengers and their baggage were subject to search, and that he knew what they meant. He still sought to board the plane.

██ However, it is undisputed that when the airline employees attempted to extend the search to Miner's suitcase, he responded by saying, "No, it's personal." At the least, this was an apparent withdrawal of the implied "consent." At that point, the airline employees would have been justified in refusing to permit him to fly, but they could not compel him to submit to further search. *See, Davis, supra,* 482 F.2d at 910–912, 914. Asking Miner to open his suitcase could be justified only if he continued to manifest an intention to board the plane, or if he otherwise consented to the search. If Miner's version of the events is true, his acquiescence appears to have been similar to that of the defendant in United States v. Ruiz-Estrella, 2 Cir., 1973, 481 F.2d 723, who submitted to a search of his bag in response to the request of

* The Honorable Charles B. Renfrew, United States District Judge for the Northern District of California, sitting by designation.

a sky marshal. The Second Circuit stated:

> "The 'request' took place after the agent, attired in a uniform and badge, took Ruiz-Estrella away from the boarding area, into a stairwell, and closed the door behind them. The fact that a suspect, who has not been warned of his right to refuse the search, silently hands over his bag in such circumstances will not support the inference of freely given consent." 481 F.2d at 728.

So here, Miner had been segregated from the normal boarding area, and was confronted by three uniformed airline employees. If he is to be believed, he opened his suitcase only after repeated demands that he do so, and was never warned of his right to refuse further search. Rather than sustaining the Government's burden on this issue, these facts would show no more than submission to apparently lawful authority. *See* United States v. Ruiz-Estrella, *supra;* United States v. Kramer Grocery Co., 8 Cir., 1969, 418 F.2d 987, 989. Thus, disposition of this case requires resolution of the conflict between Miner's testimony and that of the airline employees. We do not hold that the law requires that Miner be told that he had a right not to be searched if he chose not to board the plane. Whether he was so told or not is only one bit of evidence to be considered. The question is whether, under all the circumstances, he voluntarily consented to the search. See Schneckloth v. Bustamonte, 1973, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854; *Davis, supra,* 482 F.2d at 913.

■■ Ordinarily, when a motion to suppress has been denied, we view the evidence in the light most favorable to the Government. *See, e. g.,* United States v. Sherman, 9 Cir., 1970, 430 F.2d 1402, 1404. Moreover, where no findings of fact have been made, and in the absence of a request for such findings, we will uphold the result if there is a reasonable view of the evidence that will sustain it. *See* United States v. Montos,

5 Cir., 1970, 421 F.2d 215, 219 n. 1; Scarbeck v. United States, 1963, 115 U.S.App.D.C. 135, 317 F.2d 546, 562. However, we think that we should not apply these principles here.

From the beginning, the primary issue in the district court was whether "airport searches" are subject to the Fourth Amendment when conducted by airline employees with no assistance from government officials. This was the only point argued by the Government in its points and authorities in opposition to Miner's motion to suppress, and the bulk of the testimony at the hearing was directed to that issue. At the time that this case arose the question of whether such searches were "private," and hence not subject to the Fourth Amendment, was very much an open one, both in this Circuit and elsewhere. It was not until our decision in *Davis, supra,* that we held that all airport screening procedures must pass the constitutional test of reasonableness.

■ On such a record it is going far to assume that the district court resolved the evidentiary conflict in the Government's favor. It is at least equally likely—perhaps more so—that the trial judge concluded that this was a private search, and felt it was unnecessary to decide whether Miner was compelled to open his luggage, or voluntarily consented to do so. We have no basis upon which to judge the credibility of the witnesses; it is therefore necessary to remand the case for further proceedings with respect to this issue.

Remanded.

RENFREW, District Judge (dissenting):

I respectfully dissent. Viewing the evidence in the light most favorable to the Government, which is the standard to be applied on appeal, the record supports the conclusion that Miner voluntarily consented to the search of his suitcase. The judgment below should be affirmed.