**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alex J. KUBBO, Defendant–Appellant.**

**No. 00–30364.**

**DC No. CR 00–05323 FDB.**

United States Court of Appeals,
Ninth Circuit.

**544**

Submitted July 12, 2001.*

Decided Aug. 3, 2001.

Before ALARCON, FERNANDEZ, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Alex Kubbo ("Kubbo") entered a conditional guilty plea to possession of a controlled substance (methamphetamine), in violation of 21 U.S.C. § 844, before a magistrate judge. He appeals from the district court's order affirming the magistrate judge's denial of his motion to suppress evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

A motion to suppress will generally be reviewed de novo. *United States v. Wright,* 215 F.3d 1020, 1025 (9th Cir.2000). A trial court's findings as to whether the scope of consent to a search has been exceeded will be upheld unless they are clearly erroneous. *United States v. Perez,* 37 F.3d 510, 515 (9th Cir.1994). Review of whether specific facts give rise to an inference of implied consent (and presumably to withdrawal thereof as well) is de novo. *United States v. Albrektsen,* 151 F.3d 951, 953 (9th Cir.1998).

The parties are familiar with the facts; thus, we need not recite them here. Kubbo contends that evidence uncovered during the search of his car should have been suppressed because his actions during the search constituted a limitation of his initial general consent. Specifically, he suggests that by removing the carpet out of the back of his vehicle and folding it over in a manner that indicated to the officers that he was trying to hide something, he impliedly narrowed the scope of his consent to the search of his car so as to exclude the carpet. "The standard for

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *United States v. Cannon,* 29 F.3d 472, 477 (9th Cir.1994) (quoting *Florida v. Jimeno,* 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991)). Under the factual circumstances presented, where Kubbo voluntarily consented to the general search of his vehicle, offered to help with the search, was generally cooperative during the search, and failed explicitly to communicate any objection to a search of the carpet after he removed it from the car, the finding that the carpet remained within the scope of his consent was not clearly erroneous. *See, e.g., United States v. Gutierrez–Mederos,* 965 F.2d 800, 804 (9th Cir.1992) (general statement authorizing search not exceeded by opening of a side panel compartment and moving of a loose cardboard divider); *United States v. Sierra–Hernandez,* 581 F.2d 760, 764 (9th Cir.1978) (finding area under hood within the scope of general consent and noting that suspect "even went so far as to aid in the search"); *Cannon,* 29 F.3d at 477 (the failure to object to continuation of a vehicle search after giving general consent "is properly considered as an indication that the search was within the scope of the initial consent" (citation omitted)). Here it would be reasonable to conclude that "the gesture, when viewed in the context of his other actions, was at best ambiguous, and given his general cooperative attitude during the search, wholly ineffective to communicate an intention to rescind or narrow his consent." *United States v. Hardin,* 710 F.2d 1231, 1236–37 (7th Cir. 1983).

■ We also do not find Kubbo's argument persuasive that his specific actions should, as a matter of law, require an inference of an implied withdrawal or limitation of his consent because the officers understood that he was trying to hide something. Even if a limitation or withdrawal of consent need not be explicit, Kubbo's conduct "falls far short of an unequivocal act or statement of withdrawal, something found in most withdrawal of consent cases." *United States v. Alfaro,* 935 F.2d 64, 67 (5th Cir.1991) (comparing, *inter alia, United States v. Miner,* 484 F.2d 1075 (9th Cir.1973), with *United States v. Brown,* 884 F.2d 1309 (9th Cir. 1989)). Mere reluctance to a continued search, once an explicit and unambiguous statement of consent has been provided, is not necessarily sufficient to imply a withdrawal such consent. *See Brown,* 884 F.2d at 1311–12.

Accordingly, the denial of the motion to suppress and the conviction are **AFFIRMED.**