**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Yusuf D. REEVES, Defendant–Appellant.**

No. 92–30454.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 2, 1993.

Decided Oct. 4, 1993.

Michael J. Kennedy, Deputy Federal Public Defender, Sacramento, CA, for defendant-appellant.

Ronald W. Skibbie, Asst. U.S. Atty., Spokane, WA, for plaintiff-appellee.

Before: WALLACE, Chief Judge, WRIGHT and NOONAN, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

A jury convicted Yusuf D. Reeves of being a felon in possession of a handgun. 18 U.S.C. § 922(g)(1). He was sentenced to a term in prison and three years of supervised release. We consider in this opinion his argument that the district court erred in denying his motion to suppress evidence taken from a briefcase found in his car after a traffic stop. We affirm. Reeves raises other issues that we dispose of in a separate, unpublished Memorandum disposition.

**JURISDICTION**

The district court had original jurisdiction. 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

**I. FACTS**

The district court's Order Denying Motion to Suppress, published in *United States v. Reeves*, 798 F.Supp. 1459 (E.D.Wash.1992), discusses the factual background at length. We summarize the judge's factual findings.

United States Border Patrol Officer Paul Erni was in uniform, driving a marked United States Border Patrol car and patrolling for illegal aliens on interstate highway I–90 near Medical Lake, Washington. He observed Reeves driving a Chevrolet Citation, wearing a shower cap and talking on a cellular phone. Officer Erni considered the circumstances somewhat suspicious of drug trafficking along a common drug courier route.

Erni did not have probable cause to stop Reeves until Reeves increased his speed to more than 85 mph on the downgrade approaching downtown Spokane. Erni alerted state troopers and described Reeves and the

---

**3.** The merits of the fee award are addressed in our accompanying memorandum disposition.

car. The troopers stopped the car on Argonne Street and asked for identification. Reeves failed to produce a driver's license and was arrested for reckless driving and for driving without a valid license. Erni saw this and briefed the troopers on his earlier observations. Reeves was handcuffed, Mirandized and placed in back of the troopers' patrol car.

Reeves' appearance and behavior prompted Erni and the troopers to suspect him of gang or drug activity. After Trooper Ladines' visual inspection of the car revealed nothing, Erni used his canine to "sniff" around the exterior of Reeves' car. The dog did not react.

Erni asked Reeves to sign a consent-to-search form entitled, "Consent to Search Premises." The form authorized "a complete search." Reeves consented orally to a search of the hatchback portion of his car, where the officers discovered two sports bags and a black briefcase. The briefcase was locked and when asked about it, Reeves said that it belonged to his cousin.

Officer Erni testified that Reeves did not seem to mind if they searched the briefcase but did not consent affirmatively. Erni, who had a similar briefcase, was able to open the briefcase using its combination lock. Inside the officers found a loaded .38 pistol, a razor blade, two chunks of a substance that later tested as crack cocaine, and Reeves' driver's license.

In a pretrial motion, Reeves sought to suppress the evidence found in the briefcase. The motion was denied and the evidence admitted.

## II. DISCUSSION

Before the district judge, the defendant argued that his arrest was pretextual and without probable cause in violation of the Fourth Amendment. He also questioned the propriety of the warrantless search of the locked briefcase.

The district court found that the defendant's excessive speed, while weaving in and out of traffic without the use of signals, and while talking on a cellular telephone, indicated a willful disregard for the safety of others.

The judge concluded that the troopers had sufficient cause to stop Reeves and were compelled to do so to ensure public safety. *Reeves,* 798 F.Supp. at 1465. The judge found that Reeves voluntarily signed the consent form, *id.* at 1468, and that the form clearly authorized the search of Reeves' car. *Id.* at 1471. The judge also found that Reeves did not consent orally to Erni's search of the briefcase. *Id.* at 1470. Reeves does not challenge these findings.

The district judge considered whether the scope of the written consent permitted the officers to search the briefcase. The form provided:

**LP: WA**

**KJH684** [Reeves' vehicle license]

I have been informed of my constitutional right not to have a search made of the premises hereinafter specified without a search warrant.

I have also been informed of my right to refuse to consent to the premises being searched without a search warrant.

I have been warned that anything discovered during such a search may be used against me in court, or in any immigration or administrative proceeding.

I hereby authorize Immigration Officer(s) **Erni, Paul K** and **Ladines WSP** to conduct a complete search of my premises located at **Argonne** and to take therefrom any letters, papers, materials, or other property which they may desire.

I have given this authorization to the above-named officer(s) voluntarily and without threats, promises, pressures, or coercion of any kind.

*[signed]* **Rasah Reeves**
      **Signature**

Date and hour: **11/11/91 9:30am**

**Place:** _____

[Words in bold type were handwritten in the original consent form.]

The district court found that it was clear that the car was the object of the search, based on the modification to the consent form, the location of the car on Argonne Street as listed on the form, and credible testimony that Officer Erni made it clear to

Reeves that the form was for a search of the car. *Id.* at 1471.

The court then considered whether by signing that form Reeves was consenting to a search of the locked briefcase. The court relied on decisions of other circuits, *United States v. Covello,* 657 F.2d 151 (7th Cir.1981) and *United States v. Kapperman,* 764 F.2d 786 (11th Cir.1985), to conclude that he was. In *Covello,* the Seventh Circuit wrote:

> The form authorized the agents "to conduct a *complete* search" of the car. The district court would read "complete" to mean "incomplete." Furthermore, those agents were authorized "to take from [the] premises any letters, papers, materials or other property which they may desire." In the absence of the word "complete," one possibly might construe the consent in a limited fashion, however, the addition of the word "complete" indicates that consent was extended to everything within the automobile. Such a construction is further supported by the permission given to the agents to remove items from the automobile. "Letters" and "papers" would not be expected to be lying around loose. They would be contained in something.

*Covello,* 657 F.2d at 154 (emphasis in original).

The district judge here noted that, as in *Covello:*

> [T]he form the defendant signed here allowed the officers to take any letters, papers, materials, or other property which they desired. Although it is plausible that "papers" or "letters" would be lying loosely in the Defendant's vehicle, it is much more reasonable to conclude that they would be found in some sort of container. Moreover, by allowing the officers the freedom to take essentially any "property" located in his vehicle, it would be unreasonable to conclude that the Defendant did not consent to the search of the briefcase.

*Reeves,* 798 F.Supp. at 1472.

The court's order also evaluated the circumstances surrounding the conversations between Reeves and the officers: that Reeves was out of the squad car and no longer handcuffed when the briefcase was found and searched; that the officers did not draw their guns; that Reeves was Mirandized; and that Reeves was told he did not have to sign the consent form. *Id.* at 1466–67.

The district court's conclusion, that nothing in the surrounding circumstances limited the scope of Reeves' consent, was not clearly erroneous. *United States v. Gutierrez-Mederos,* 965 F.2d 800, 803 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1315, 122 L.Ed.2d 702 (1993).

We affirm the order denying the motion to suppress.

**AFFIRMED.**