**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Anthony ROSSBY, Defendant—
Appellant.**

No. 02–10396.
D.C. No. CR–01–20036–JF.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 2003.

Decided Nov. 10, 2003.

Hannah Horsley, Christopher J. Steskal, USSF—Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Jay Rorty, San Jose, CA, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM *

Anthony Rossby appeals his conviction for two counts of mail fraud and seven counts of wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343. Rossby contends that: (1) examination of the contents of his laptop computers violated his Fourth Amendment rights; and (2) the district court abused its discretion under Federal

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Rule of Evidence 404(b), in admitting evidence of his possession of stolen laptops. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

■ The district court did not clearly err in holding that Rossby's consent to search his office reasonably included consent to examine the contents of his laptop computers. *See United States v. Cannon*, 29 F.3d 472, 477 (9th Cir.1994) ("We review the district court's finding that [defendant] voluntarily consented to the search for clear error."). Rossby's written consent to a "complete search" of his office gave officers permission to take "from my premises any letters, papers, materials, or other property which they may desire." Rossby placed no limitations on the scope of the search, he was present during the computer search and did not object to it, and the contents of the laptop computers within his office reasonably fell within the scope of "letters, papers, materials or other property" to which Rossby consented. *See Florida v. Jimeno*, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991) (standard for measuring scope of consent is objective reasonableness); *United States v. Reeves*, 6 F.3d 660, 661–62 (9th Cir.1993) (holding that a nearly identical consent form included consent to open and search a locked briefcase found within a vehicle). The laptops were not password protected or "locked" in any way and there is no reason to believe that Rossby intended to exclude the contents of the laptops from his consent. *See id.* at 662; *United States v. Gutierrez–Mederos*, 965 F.2d 800, 803–04 (9th Cir.1992) (approving search of locked containers found within a vehicle). Moreover, Rossby's failure to object to the continuation of the search after giving his consent is indicative that the search was within the scope of his initial consent. *See*

*United States v. Perez*, 37 F.3d 510, 516 (9th Cir.1994); *Cannon*, 29 F.3d at 477.

We are not persuaded by Rossby's reliance on *United States v. Carey*, 172 F.3d 1268, 1274 (10th Cir.1999). Rossby's consent was broader than the consent in *Carey*; he permitted the search of his computer without objecting. Moreover, even in the Tenth Circuit, *Carey* has been limited to its facts. *See United States v. Tucker*, 305 F.3d 1193, 1202 (10th Cir.2002).

■ Finally, even assuming that admission into evidence of Rossby's possession of two stolen laptops under Rule 404(b) was error, it was more probably than not harmless, and thus was not reversible error. *See United States v. Mett*, 178 F.3d 1058, 1066 (9th Cir.1999) (stating that test for non-constitutional evidentiary error is whether resulting prejudice was more probably than not harmless). Even without evidence of the laptops, the government presented sufficient evidence that Rossby knew that the ViewStations were stolen before he offered them for sale on eBay: (1) when Rossby asked his landlord for money to purchase the units, his landlord told him that the deal seemed "fishy" and that the units "might not be legitimate;" (2) the units were purchased at night, on a dark street, from duffle bags, with cash, for well below market value, and no receipt was given; and (3) Rossby told Agent Tuan Payton that the price was so low that he knew that the units had to be either stolen or obsolete. When Rossby offered them for sale on eBay, he lied about where he had purchased them, telling potential buyers that he had obtained them at an auction in Europe. Finally, when he was asked for serial numbers by David Neuman, who was interested in purchasing ViewStations, Rossby gave him

---

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

meaningless numbers, rather than the serial numbers. The suspicious circumstances of the purchase, together with Rossby's attempts to hide the source of the units from his buyers, are strong evidence that Rossby knew the units were stolen and make it more likely than not that admission of the stolen laptop evidence did not affect the outcome of the trial. *See United States v. Hernandez–Miranda,* 601 F.2d 1104, 1109 (9th Cir. 1979) (holding that error in admitting 404(b) evidence was harmless where the government had "a strong, if not overwhelming, case against" defendant).

The judgment of conviction is accordingly

**AFFIRMED.**