**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kent DeWATER, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert F. McKENNEY, Jr., Defendant–Appellant.**

**Nos. 87–1050, 87–1051.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 15, 1987.

Decided May 4, 1988.

Hayden Aluli, Asst. Federal Public Defender, Honolulu, Hawaii, for defendants-appellants.

Craig H. Nakamura, Asst. U.S. Atty., and John P. Moran, Sp. Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before TANG, CANBY and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

This is a joint appeal of two separate convictions for driving under the influence. Each appellant was convicted of operating a vehicle while having 0.10 percent or greater weight of alcohol in his blood in violation of Haw.Rev.Stat. § 291–4(a)(2), which is assimilated into federal law through 18 U.S.C. § 13, the Assimilative Crimes Act.

The appellants were found guilty by a federal magistrate. Those convictions were appealed to the district court and the district court, Judge Harold Fong presiding, affirmed.

The principal evidence in these cases was the results of intoxilyzer tests performed on the appellants. Admission into evidence of these test results was objected to on the grounds that the results were inadmissible hearsay evidence and that admission into evidence violated the Sixth Amendment confrontation clause.

At trial the magistrate overruled defense counsel's objections holding that the test results fell under the business records exception to the hearsay rule. Fed.R.Evid. 803(6). The district court affirmed finding, however, that the test results were admissible under the public records and reports exception to the hearsay rule. Fed.R.Evid. 803(8). The district court also found that the evidence did not violate the appellants' Sixth Amendment right of confrontation.

This court reviews a trial court's decision to admit evidence under the abuse of discretion standard. *United States v. Bernard S.*, 795 F.2d 749, 753 (9th Cir.1986).

As did the district court, we find *United States v. Wilmer*, 799 F.2d 495 (9th Cir. 1986), *cert. denied,* — U.S. —, 107 S.Ct. 1626, 95 L.Ed.2d 200 (1987), dispositive of the hearsay issue in this case. *Wilmer* also involved a drunk driving conviction under the Assimilative Crimes Act, only in Washington state rather than Hawaii.

In *Wilmer,* the court was postured to choose whether state evidence rules or federal evidence rules apply and held:

The Assimilative Crimes Act is silent as to the rules of evidence which are applicable in prosecutions under this statute. Therefore, Rule 26 of the Federal Rules of Criminal Procedure requires that we apply the Federal Rules of Evidence.

799 F.2d at 500.

The court in *Wilmer* also stated that "[t]he [Assimilative Crimes] Act ... does

not generally adopt state procedures ... and federal, rather than state, rules of evidence are applicable under the Act." *Id.*

■ The appellants contend that the Hawaii Health Department rules dealing with calibration, supervision, operation and reliability of the intoxilyzer procedures are assimilated into federal law by the Assimilative Crimes Act. However, the government correctly points out that these rules are not rules of evidence but merely rules "limited to technical, operational details."

The government is also correct when it states that the purpose of the Assimilative Crimes Act is to afford the federal government an opportunity to adopt state penal laws to meet federal ends; the prosecution of various crimes on federal enclaves. Using federal rules of evidence and procedure and case law promotes the uniform disposition of criminal matters in the federal system.

The Federal Rules of Evidence apply to this case as they did in *Wilmer*. The performance of wet tests and the recording of test results is clearly within the regularly conducted business of a police department. *Wilmer*, 799 F.2d 500, 501. Justification for the public records and reports exception is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record. Further justification lies in the reliability factors underlying records of regularly conducted activities generally. Advisory Committee's Note to Fed.R.Evid. 803(8).

We find unavailing and incorrect appellants' argument that the evidence was unreliable and untrustworthy because the authors of the report containing the test results had strong motivations to misrepresent. The supervisors who performed the wet tests have no personal stake in the outcome of individual cases contrary to appellants' contention. Furthermore, nothing in the record reveals a motivation to misrepresent the test results or records. The preparation of this report is a routine, non-adversarial act made in a non-adversarial setting. *Wilmer*, 799 F.2d at 501.

The appellants' attempts to distinguish *Wilmer* are also unavailing. Appellants' Brief 17–19.

The district court did not abuse its discretion in applying the Federal Rules of Evidence rather than the Hawaii Health Department rules and in finding the test results admissible under the public records and reports exception to the hearsay rule.

Finally, we address the appellants' right of confrontation argument. In *Bourjaily v. United States*, —— U.S. ——, ——, 107 S.Ct. 2775, 2782, 97 L.Ed.2d 144 (1987), the Supreme Court said that "[b]ecause ' "hearsay rules and the Confrontation Clause are generally designed to protect similar values," *California v. Green*, 399 U.S. 149, 155, 90 S.Ct. 1930, 1933, 26 L.Ed.2d 489 (1970), and "stem from the same roots," *Dutton v. Evans*, 400 U.S. 74, 86, 91 S.Ct. 210, 218, 27 L.Ed.2d 213 (1970),' ... we concluded in *Roberts (Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980)), that no independent inquiry into reliability is required when the evidence 'falls within a firmly rooted hearsay exception.' "

■ We think that the public records and report exception to the hearsay rule, like the co-conspirator exception at issue in *Bourjaily*, is firmly enough rooted in our jurisprudence that under *Roberts, supra,* and *Bourjaily, supra,* this court need not independently inquire into the reliability of such records and reports.

The judgments of conviction are AFFIRMED.