41 F.3d 1515
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David O. WHITE, Defendant-Appellant.
 No. 94-10085.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1994.*
Decided Nov. 18, 1994.
 
 Before: LAY,** PREGERSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 David White appeals from the district court's order affirming his conviction before a magistrate judge for driving on a suspended or revoked license in violation of California Vehicle Code Sec. 14601.1(a) while on McClellan Air Force Base. We affirm.
 
 
 3
 * Prosecution of the crime of driving on a suspended or revoked license requires the government to prove: (1) at the time defendant was driving, his license was suspended or revoked, and (2) defendant knew his license was suspended or revoked. In re Stocker, 257 Cal.App.2d 613, 617 (1968).
 
 
 4
 In order to show that White's license had been suspended indefinitely under California Vehicle Code Sec. 13365, the government introduced over White's objection a Department of Motor Vehicles ("DMV") form entitled Driver Record Information. The public records exception to the hearsay rule applies to "matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel." Fed.R.Evid. 803(8)(B). The information contained in the form relates to matters observed by the DMV pursuant to a duty imposed by California Vehicle Code Sec. 1800(b)(3).
 
 
 5
 The Driver Record Information may not be an identical reproduction of the index maintained by the DMV, but a reproduction in a more convenient format. However, Rule 803(8) is phrased broadly to apply to "[r]ecords, reports, statements, or data compilations, in any form. " More importantly, the form contains only information that the DMV is under a legal duty to observe--the licensee's name and the reasons for which his license has been suspended or revoked.
 
 
 6
 Nor is the form excludable as a matter observed by police officers and other law enforcement personnel. The preparation of this form was a routine, non-adversarial act made in a non-adversarial setting. See United States v. Orozco, 590 F.2d 789, 793 (9th Cir.), cert. denied, 442 U.S. 920 (1979). It was not "made by law enforcement officials at the scene of a crime or the apprehension of the accused." United States v. Wilmer, 799 F.2d 495, 501 (9th Cir.1986), cert. denied, 481 U.S. 1004 (1987). The magistrate judge properly admitted this evidence under the public records exception to the hearsay rule.
 
 
 7
 In order to prove that White knew that his license had been suspended, the government introduced a DMV form entitled Verbal Notice by Peace Officer, DMV or Court Employee. The document was properly authenticated and was admitted not to show the truth of the matter asserted in it--that White's license was suspended--but for the nonhearsay purpose of showing White's state of mind--that he had knowledge of the suspension.[1] See United States v. Tamura, 694 F.2d 591, 598 (9th Cir.1982) (admitting telexes describing a bribery scheme not for the truth of their contents but for the nonhearsay purpose of showing defendant's knowledge of the scheme). Because this evidence was not hearsay, it was properly admitted by the magistrate judge.
 
 II
 
 8
 White also claims the magistrate judge failed to require the government to lay a proper foundation for admission of either piece of evidence. Unlike Rule 803(6) (the business records exception), Rule 803(8) omits any foundation requirements. "[G]enerally, the record itself can be admitted as proof of the facts to which it relates without foundation testimony." J. Weinstein & M. Berger, 4 Weinstein's Evidence p 803(8), at 803-234-35 (1993). "Public records and reports falling under Rule 803(8)(C) are presumed trustworthy, placing 'the burden of establishing untrustworthiness on the opponent of the evidence.' " Montiel v. Los Angeles, 2 F.3d 335, 341 (9th Cir.1993) (quoting Keith v. Volpe, 858 F.2d 467, 481 (9th Cir.1988), cert. denied, 493 U.S. 813 (1989)). There is no reason why documents admitted under Rule 803(8)(B) should not be subject to the same presumption of trustworthiness.
 
 
 9
 At trial, and on his previous appeal to the district court, White implicitly argued that the documents were unreliable because they were prepared by law enforcement personnel. On his current appeal to this court, he claims that the two documents are unreliable because one document records more suspensions than the other. However, the cases refusing to admit evidence under the public records exception require a stronger showing of unreliability than this. See United States v. Chu Kong Yin, 935 F.2d 990, 999 (holding that evidence of criminal convictions in Hong Kong did not fit the public records exception where defendant demonstrated that convictions occurred 17 to 26 years before public official recorded them). Moreover, the indicia of trustworthiness are far more significant. Both forms state White's date of birth, address and license number; both forms state that he was served with notice of suspension of his license on August 10, 1990; and both forms were signed by him.
 
 
 10
 Because the public records exception to the hearsay rule is firmly rooted, United States v. DeWater, 846 F.2d 528, 530 (9th Cir.1988), this court need not independently inquire into the reliability of such records with regard to White's confrontation rights. Ohio v. Roberts, 448 U.S. 56, 66 (1980).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth District, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Even if the DMV form was hearsay, it would be admissible under the public records exception largely for the same reasons discussed above