**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Sergio Lozano SANCHEZ, Defendant—**
**Appellant.**

No. 01–50301.

D.C. No. CR–99–00281–WJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2002.

Decided Sept. 20, 2002.

Before LAY,* CANBY and PAEZ, Circuit Judges.

## MEMORANDUM **

Defendant, Sergio Lozano Sanchez, appeals his conviction for illegal possession of

---

* The Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

a listed chemical with intent to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(d)(2), 802(33) and (34)(k). Sanchez argues that the district court erred in denying his motion to suppress evidence seized during a search that he contends exceeded the scope of his consent. He also argues that the district court abused its discretion by permitting the introduction of evidence, pursuant to Rule 404(b) of the Federal Rules of Evidence, concerning his prior arrest for possession of pseudoephedrine tablets with intent to manufacture methamphetamine. Finally, Sanchez argues that the district court abused its discretion by admitting a lab report analyzing the contents of tablets seized from him at the time of his arrest. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## 1. MOTION TO SUPPRESS EVIDENCE

We review de novo the district court's denial of a motion to suppress evidence. *United States v. Percy*, 250 F.3d 720, 725 (9th Cir.2001).

■ We determine the scope of a suspect's consent under the Fourth Amendment based on "what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Florida v. Jimeno*, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991); *see also United States v. Gutierrez–Mederos*, 965 F.2d 800, 803 (9th Cir. 1992). In response to the officer's request to search his duffle bag, Sanchez stated: "Go ahead. Go ahead. Search it all you want. I don't care." Because a reasonable person would have understood Sanchez's consent to extend to all containers in his duffle bag, the district court did not err in denying Sanchez's motion to suppress.

## 2. PRIOR ARREST EVIDENCE

We review for abuse of discretion the district court's decision to admit evidence of prior bad acts under Rule 404(b) of the Federal Rules of Evidence. *See United States v. Arambula–Ruiz*, 987 F.2d 599, 602 (9th Cir.1993). Under Rule 404(b), evidence of prior crimes, acts or wrongs is not admissible to prove a defendant's bad character. FED. R. EVID. 404(b). Prior acts evidence is admissible under Rule 404(b) for other purposes, such as to show knowledge and intent, FED. R. EVID. 404(b), if it (1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) if admitted to prove intent, is similar to the offense charged. *See United States v. Murillo*, 255 F.3d 1169, 1175 (9th Cir. 2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 1342, 152 L.Ed.2d 245 (2002). The probative value of the evidence must outweigh its prejudicial effect under Rule 403. *See United States v. Arambula–Ruiz*, 987 F.2d 599, 602 (9th Cir.1993). The Government has the burden of proving that the evidence meets all of the above requirements. *Id.*

■ Evidence of Sanchez's prior arrest does not satisfy the four-part test for admissibility under Rule 404(b) because the government failed to establish its relevancy to a material element of the charged offense. Sanchez's knowledge was at issue in two material elements of the crime of possessing a listed chemical with intent to manufacture methamphetamine. 21 U.S.C. § 841(d)(2). The government sought to introduce evidence of Sanchez's prior arrest, not to prove that he knowingly possessed the tablets found in his bag, but to prove that he knew the tablets were pseudoephedrine and that pseudoephedrine could be used to manufacture methamphetamine—both material elements of

the charged offense. Whether Sanchez's prior arrest "tends to prove a material point" therefore turns on whether there was a logical basis for the jury to infer from the circumstances of Sanchez's prior arrest that Sanchez knew that the tablets in his possession were pseudoephedrine and that they could be used to manufacture methamphetamine.

The government called as a witness the officer who had arrested Sanchez in the prior arrest. The arresting officer testified that he arrested Sanchez after a search revealed what appeared to be pseudoephedrine tablets in a vehicle in which Sanchez was a passenger. He also testified that Sanchez was twice informed of the charges against him. However, he did not testify that Sanchez himself possessed the tablets, or that he was shown or otherwise saw the tablets seized during the prior arrest. Without such evidence, there was no logical basis for the jury to infer from the prior arrest that Sanchez knew the tablets found in his possession were pseudoephedrine or that such tablets could be used to manufacture methamphetamine. Unless Sanchez possessed or saw the tablets described as pseudoephedrine during the prior arrest, he could not have identified them with the tablets found in his possession in the present case. Sanchez's knowledge that the tablets were pseudoephedrine and that they could be used to manufacture methamphetamine could not, therefore, have been based on his prior arrest. Because Sanchez's prior arrest did not "tend to prove a material point," the district court abused its discretion by admitting this evidence.

Because Sanchez objected to the government's Rule 404(b) evidence before trial, and at the close of evidence, harmless error analysis applies to the improper admission of evidence, and reversal is proper only if the government cannot show that

the error was more probably than not harmless. *United States v. Beckman*, 298 F.3d 788, 793 (9th Cir.2002).

■ With regard to whether Sanchez knowingly possessed pseudoephedrine, Sanchez does not dispute that he had knowledge of the presence of the tablets in his bag. Rather, he disputes only that he knew that the tablets found in his possession were pseudoephedrine. The government presented evidence that Sanchez was nervous, fidgety and constantly glancing at his bag while speaking with the detective who approached him in the bus station. When asked about the contents of his bag, Sanchez did not mention the tablets, but instead lied, stating that his bag contained only clothing and fruits.

As to Sanchez's knowledge that the pseudoephedrine tablets in his possession could be used to manufacture methamphetamine, the fact that Sanchez possessed multiple pounds of loose tablets supported the jury's determination that Sanchez knew, or had reasonable cause to believe, that the tablets in his possession would be used to manufacture methamphetamine. The government presented expert testimony that although pseudoephedrine tablets are legitimately sold in drugs stores to treat the common cold, it was unlikely that a person with six kilograms, or twelve pounds, of pseudoephedrine tablets would be using them for that purpose and that a legitimate retailer or wholesaler would buy or sell them as they were found on Sanchez—without bottles or packaging of any kind. Thus, although evidence of Sanchez's prior arrest does not satisfy the test for admissibility under Rule 404(b), it was harmless error because the evidence, apart from the prior arrest evidence, was sufficiently incriminating that it is more probable than not that, had the prior arrest evidence been excluded, the jury would have found that Sanchez knowingly pos-

sessed pseudoephedrine, knowing or having reason to believe that it would be used to manufacture methamphetamine.

### III. LAB REPORT

 We review for abuse of discretion the admission of evidence under an exception to the hearsay rule. *United States v. Hernandez–Herrera,* 273 F.3d 1213, 1217 (9th Cir.2001). Because the lab report in this case is a public record within the meaning of Rule 803(8), the district court did not abuse its discretion in admitting the report into evidence. *See United States v. DeWater,* 846 F.2d 528, 529 (9th Cir.1988) (holding that intoxilyzer test results were admissible under Rule 803(8)(B)); *United States v. Wilmer,* 799 F.2d 495 (9th Cir.1986) (holding that calibration report of a breathalyzer operator is a routine, objective report admissible under Rule 803(8)(B)).

AFFIRMED.