**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Faustino GUTIERREZ–MEDEROS, Defendant–Appellant.**

**No. 91–30128.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 1992.

Decided June 5, 1992.

Rita J. Radostitz, Asst. Federal Public Defender, Eugene, Or., for defendant-appellant.

Frank R. Papagni, Asst. U.S. Atty., Eugene, Or., for plaintiff-appellee.

Before BROWNING, D.W. NELSON, and CANBY, Circuit Judges.

CANBY, Circuit Judge.

Faustino Gutierrez–Mederos contends that his conviction rests on evidence obtained as the result of an unconstitutional search. We affirm.

## BACKGROUND

On July 19, 1990, Trooper John Anderson of the Oregon State Patrol noticed a 1983 Chevrolet Camaro with California license plates tailgating a van on Interstate 5. Anderson stopped the car and informed the driver, Gutierrez–Mederos, that he had been pulled over for following too closely and failing to signal a lane change. After further conversation not relevant to this case, Anderson asked Gutierrez–Mederos and his companion, Enrique Garcia–Navarro, whether they had any drugs or weapons in the car. Each responded in the negative. Anderson then asked if he could search the car. Gutierrez–Mederos responded, "Yeah, go ahead. I have no problem with it."

Anderson went to the hatchback, which Gutierrez–Mederos already had opened, and removed the keys from the hatchback lock. He then used the keys to open a side panel compartment inside the hatchback area. Inside the compartment were various tools and other items. Anderson also noticed a loose cardboard divider, which he pulled away. Inside were two plastic bags

and a yellow brick-shaped object that appeared to be illegal narcotics. The trooper also discovered two firearms and two ammunition clips while searching other areas. Anderson then arrested Gutierrez–Mederos.

A federal grand jury indicted Gutierrez–Mederos for possession of cocaine with intent to distribute and for possession of a firearm in connection with a drug trafficking offense, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1) respectively. Gutierrez–Mederos filed a motion to suppress, which the district court denied. Thereafter, the court found him guilty of the drug offense following a stipulated facts trial. Having dismissed the firearms charge, the court sentenced Gutierrez–Mederos to 66 months and three years of supervised release on his possession conviction. This appeal followed.

## DISCUSSION

Gutierrez–Mederos presents three possible bases for a Fourth Amendment violation: (1) the stop was pretextual; (2) he did not freely consent to the search; and (3) the search exceeded the scope of his consent. We analyze these issues in turn.

### A.  Validity of the Stop

Gutierrez–Mederos contends that Anderson used a minor traffic violation as a pretext for stopping the vehicle and pursuing his hunch that the driver was engaged in illegal activity. He bases this claim on the trooper's alleged record of stopping a disproportionate number of Hispanics and on the resemblance of Gutierrez–Mederos' car to the "Narcotics Trafficking Characteristics" profile delineated by the Oregon State Patrol. To evaluate the validity of appellant's claim, we must review the district court's factual finding regarding the motivation or primary purpose of the arresting officer. See United States v. Smith, 802 F.2d 1119, 1124 (9th Cir.1986).[1]

1. If Anderson's conduct satisfies this subjective standard, it also will meet the objective test outlined by the United States Supreme Court in Maryland v. Macon, 472 U.S. 463, 470, 105 S.Ct.

2778, 86 L.Ed.2d 370 (1985) ("[w]hether a Fourth Amendment violation has occurred 'turns on an objective assessment of the officer's actions in light of the facts and circumstances

■ Our review of the evidence leads us to conclude that the district court did not err in finding that the stop was valid. Appellant concedes that he was following the van too closely, a violation that in itself provided founded suspicion for a brief investigatory stop. *See United States v. Fouche,* 776 F.2d 1398, 1403 (9th Cir.1985). Notwithstanding the statistical evidence, appellant does not dispute that Anderson could not determine the ethnicity of the car's occupants prior to the stop. In light of these facts, we hold that the district court properly credited the trooper's testimony and concluded that the stop was not based on appellant's race. *See id.*

■ Appellant also contends that the stop occurred because his car fit the "Narcotics Trafficking Characteristics" profile. This raises the issue of whether Anderson would have stopped a vehicle for following too closely if it were not a Camaro with out-of-state license plates. Considering Anderson's handling of the stop and the manner in which the car had been driven, the district court had support for its finding that he had stopped appellant for the primary purpose of issuing the citation. This finding thus was not clearly erroneous, and we affirm the district court's ruling. *See id.* at 1402.

### B. *Voluntary Consent*

■ Appellant also argues that his background and limited ability to speak English prevented him from voluntarily consenting to the search. Voluntariness poses a question of fact to be determined from the totality of circumstances. *United States v. Vasquez,* 858 F.2d 1387, 1389 (9th Cir.1988), *cert. denied,* 488 U.S. 1034, 109 S.Ct. 847, 102 L.Ed.2d 978 (1989). We review the district court's finding of voluntariness for clear error, and view the evidence in the light most favorable to that decision. *United States v. Kaplan,* 895 F.2d 618, 622 (9th Cir.1990).

■ The only proffered basis for this claim is the testimony of a linguistics expert. She testified that due to the stress-confronting him at the time.' ") (citation omit-

fulness of the situation and appellant's background, he might not appreciate his ability to refuse Anderson's request. This expert, however, never interviewed appellant. In fact, most of her statements about appellant were responses to hypothetical questions that presumed his limited language skills and "cultural heritage."

Moreover, other evidence affirmatively indicates that appellant understood the questions. Anderson testified that he never had to repeat any questions, and appellant conversed in English with the trooper and Garcia–Navarro. Viewing the totality of the evidence in the light most favorable to the decision below, we cannot say that the voluntariness finding was clearly erroneous. *See United States v. Gonzalez–Basulto,* 898 F.2d 1011, 1012–13 (5th Cir. 1990) (truck driver with limited education exhibited sufficient understanding to indicate voluntary consent).

### C. *Scope of Consent*

■ Appellant maintains that, even if he voluntarily consented to the search, Anderson exceeded the scope of that consent by opening a locked container and moving the cardboard inside it. In measuring the limits of appellant's consent, we must assess what a reasonable person would have understood by the exchange between him and the trooper. *Florida v. Jimeno,* —— U.S. ——, 111 S.Ct. 1801, 1803–04, 114 L.Ed.2d 297 (1991). We review the underlying factual findings for clear error. *United States v. Mines,* 883 F.2d 801, 803 (9th Cir.), *cert. denied,* 493 U.S. 997, 110 S.Ct. 552, 107 L.Ed.2d 549 (1989).

■ The scope of a search generally is defined by its expressed object. *Jimeno,* 111 S.Ct. at 1804 (citing *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982)). Here, Anderson explained that he wanted to check for weapons and narcotics. Appellant responded "go ahead," and placed no explicit limit on ted).

the scope of that search.[2] This general statement authorized the trooper to search any container within the car that reasonably could contain contraband. *See id.*

 Our assessment also must extend to the manner in which Anderson gained access to these containers. The record indicates that he did not pry open or break into the side panel, but instead used the key. Nor did Anderson force the loose cardboard divider apart, but rather pulled it back. Because a reasonable person would believe that appellant had authorized these actions, the search was permissible. *See Jimeno*, 111 S.Ct. at 1803-04 (upholding officer's search of a folded paper bag found on a car's floorboard).

The judgment of the district court is AFFIRMED.

---

**2.** Appellant argues that Anderson should have separately requested permission to search each container within the car. The Supreme Court flatly rejected this approach in *Florida v. Jime-* *no,* stating that it saw "no basis for adding this sort of superstructure to the Fourth Amendment's basic test of objective reasonableness." *Jimeno,* 111 S.Ct. at 1804.