993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Gilberto PALAFOX-MARTINEZ, Defendant-Appellant.
 No. 92-10641.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 24, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Gilberto Palafox-Martinez appeals his conviction, following a conditional guilty plea, for possession with intent to distribute marijuana and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Palafox-Martinez contends that the district court erred by denying his motion to suppress evidence because border patrol agents lacked founded suspicion to stop his vehicle. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo whether founded suspicion existed for an investigatory stop of a vehicle. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989).
 
 
 4
 The Fourth Amendment forbids stopping a vehicle, even for the limited purpose of questioning its occupants, unless there is founded suspicion of criminal conduct. United States v. Salinas, 940 F.2d 392, 394 (9th Cir.1991). Founded suspicion must exist at the time the officer stops the vehicle. Id. Founded suspicion exists if, under the totality of the circumstances, "an officer is aware of specific articulable facts, that, together with rational inferences drawn from them, reasonably warrant a suspicion that the person to be detained has committed or is about to commit a crime." Id. (citing United States v. Cortez, 449 U.S. 411, 416-18 (1981)). Traffic violations constitute criminal conduct which provide founded suspicion for a brief investigatory stop. See United States v. Gutierrez-Mederos, 965 F.2d 800, 803 (9th Cir.1992), cert. denied, 113 S.Ct. 1315 (1993).
 
 
 5
 Here, the two border patrol agents who stopped Palafox-Martinez' vehicle considered the following factors, amongst others, before initiating the stop: (1) a Chevrolet Celebrity with Arizona license plates driven by a male Hispanic with a female passenger drove past a marked border patrol vehicle on Interstate 19, a route from Mexico to Arizona; and (2) after following the suspect vehicle for about seven kilometers, the border patrol agents observed the vehicle make a "very quick exit" off of the freeway without reducing speed or giving a turn signal until after exiting the freeway.
 
 
 6
 One of the border patrol agents testified that Palafox-Martinez' failure to signal prior to exiting the freeway constituted a traffic violation. Palafox-Martinez contends that his testimony contradicts the claim that he failed to signal his exit from the freeway. This contention questions the district court's credibility determination. We will not reverse a credibility determination absent clear error, and we find no such error in this instance. See United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988). Accordingly, because the traffic violation, in itself, provided the border patrol agents with founded suspicion for a brief investigatory stop, the district court did not err by denying Palafox-Martinez' motion to suppress.[1] See Gutierrez-Mederos, 965 F.2d at 803.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we hold that the traffic violation alone was sufficient to provide founded suspicion to stop Palafox-Martinez' vehicle, we need not determine whether the other factors relied on by the district court also supported a finding of founded suspicion