996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Curtis James TURNER, Defendant-Appellant.
 No. 92-10434.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 15, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Curtis James Turner timely appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Appellant maintains that the district court erred in denying his motion to suppress evidence. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 On April 3, 1989 at approximately 7:45 p.m., Phoenix police officers Levi Bolton, Jr. and James Moyer were on patrol when they observed a 1979 Chevrolet Monte Carlo with a broken left taillight emitting a white light to the rear. Officer Moyer, who was driving, turned on the patrol car's overhead lights and initiated a traffic stop about a half block from a public housing project. The area in which the car was stopped was described by Officer Bolton as a high risk area: "One of the hottest narcotics trafficking spots in the City of Phoenix."
 
 
 4
 The officers approached the car, at which time Officer Bolton recognized appellant as the driver. Appellant had lived in a public housing project which Officer Bolton patrolled, and they saw each other daily or several times a week for a couple of years. Officer Bolton had arrested appellant at least twice previously.
 
 
 5
 Officer Bolton explained the reason for the stop, and Officer Moyer returned to the patrol car to run a computerized records check of appellant's driver's license, a procedure which Officer Bolton testified was department policy. While speaking with Officer Bolton, appellant got out of the car and stood curbside with the officer. Officer Bolton stood on the passenger side of the vehicle just forward of the windshield and focused his flashlight into the car's interior to see if there was anything between or beneath the seats. He saw what looked like the tip of the butt of a handgun beneath the driver's seat. Officer Bolton told Officer Moyer that he had seen a gun and retrieved the gun from beneath the seat. At this point, appellant was advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966).
 
 
 6
 The district court denied appellant's motion to suppress evidence of the gun retrieved from the vehicle. The court found that the initial stop was prompted by a visual determination of a traffic violation, that the viewing of the interior of the vehicle was done in an appropriate manner, and that the gun was in plain view within the vehicle. Accordingly, the court concluded that appellant had not been subjected to an unreasonable search and seizure.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 7
 The district court had jurisdiction under 18 U.S.C. § 3231. This court has jurisdiction under 28 U.S.C. § 1291. A district court's findings of fact at a suppression hearing are reviewed for clear error. United States v. Huffhines, 967 F.2d 314, 316 (9th Cir.1992). The lawfulness of a search and seizure is reviewed de novo. Id.
 
 III.
 DISCUSSION
 
 8
 Appellant first argues that the district court erred in denying his motion to suppress because the traffic stop was a mere pretext to search his vehicle. We disagree. The district court found that the stop was prompted by the officers' observance of a traffic violation--the broken taillight.[1] This finding is supported by the record and provides founded suspicion for an investigatory stop. United States v. Gutierrez-Mederos, 965 F.2d 800, 803 (9th Cir.1992) (traffic violation, in itself, provided founded suspicion for brief investigatory stop), cert denied, 113 S.Ct. 1315 (1993); United States v. Baker, 850 F.2d 1365, 1368 (9th Cir.1988); United States v. Fouche, 776 F.2d 1398, 1403 (9th Cir.1985). Thus, appellant's first argument fails.
 
 
 9
 Appellant also contends that the district court erred in denying his motion to dismiss because the officers exceeded the scope of an investigatory stop. We disagree. In this case, while one officer ran a routine computer check of appellant's driver's license, the other officer looked into the interior of the car from outside and saw the butt of a handgun in plain view. These actions lasted no longer than was necessary to effectuate the purpose of the traffic stop and did not exceed its scope. See United States v. Mondello, 927 F.2d 1463, 1471 (9th Cir.1991).
 
 
 10
 Accordingly, the district court did not err in denying appellant's motion to suppress.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Arizona state law requires that taillights reflect a red, yellow or amber color. Ariz.Rev.Stat.Ann. § 28-931.C. (1989)