9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos LOPEZ-REYES, Defendant-Appellant.
 No. 92-30506.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1993.*
Decided Nov. 10, 1993.
 
 Before: WRIGHT, GOODWIN and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Lopez-Reyes appeals his conviction for possessing methamphetamine with intent to deliver, 21 U.S.C. § 841. He argues that the district court erred by denying his pretrial motion to suppress evidence seized during a search of his car. We have jurisdiction over his timely appeal under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 A police officer may justifiably stop a car when he reasonably suspects the driver of a traffic violation. United States v. Brewer, 947 F.2d 404, 412 (9th Cir.1991). The arresting officer's motive determines whether the stop is merely an impermissible pretext for further investigation. United States v. Smith, 802 F.2d 1119, 1124 (9th Cir.1986). We review for clear error the district court's factual determinations about the officer's motives, United States v. Gutierrez-Mederos, 965 F.2d 800, 802 (9th Cir.1992), including findings of credibility, United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991).
 
 
 4
 The troopers had reason to suspect Lopez-Reyes of a traffic violation. He does not dispute that he was traveling 63 m.p.h. in a 55 zone. But he argues that the district court erred in finding the officers were motivated by neutral traffic-regulation enforcement. He presents statistical and other evidence to show that the troopers were motivated by an Oregon State Police policy of stopping Hispanic males in older American sedans for minor traffic violations in order to question them and obtain permission to search their cars.
 
 
 5
 But he does not point to any direct evidence, apart from his own testimony, disputing the district judge's findings that the troopers did not know that he was Hispanic or male when they decided to stop his speeding car. Trooper Mogle, who was driving, testified that he was also busy concentrating on the radar operation. Trooper Barker testified that he was busy writing reports when Mogle made a U-turn and pursued Lopez-Reyes. Both troopers also testified that they only knew the color, and not the make, of Lopez-Reyes' car while pursuing him with their overhead lights on. The district judge found the officers credible. From our review of the record, we cannot say that the judge clearly erred. See Gutierrez-Mederos, 965 F.2d at 802.
 
 
 6
 We need not address Lopez-Reyes' remaining contentions, as they are contingent upon the stop having been a pretext.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4. Appellant's request for oral argument has been considered and is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3