12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Randy Lynn PRICE, Defendant-Appellant.
 No. 92-50504.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 15, 1993.
 
 Before: TANG, D.W. NELSON and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randy Lynn Price ("Price") appeals the district court's denial of his motion to suppress post-arrest statements and evidence found in his possession following his arrest for bank robbery. Price argues that minor traffic violations were used as a pretext to stop his vehicle, and that there was not probable cause to arrest him when California Highway Patrol Officer Mickelson took his keys and requested that he exit his vehicle. We affirm.
 
 I.
 
 3
 Price contends that Officer Mickelson used minor traffic violations as a pretext for stopping Price's vehicle to pursue a hunch that he was a fleeing bank robber. We disagree.
 
 
 4
 Whether a stop is a mere pretext to search turns on the motivation or primary purpose of the arresting officer. United States v. Gutierrez-Mederos, 965 F.2d 800, 802-03 (9th Cir.1992), cert. denied, 113 S.Ct. 1315 (1993). If an officer would have made a stop regardless of that officer's knowledge concerning the driver's possible involvement in other criminal activities, the stop is not a pretext. United States v. Lillard, 929 F.2d 500, 502 (9th Cir.1991).
 
 
 5
 Officer Mickelson testified that he was traveling northbound when he observed Price's southbound vehicle, which he perceived to be speeding and missing its front license plate. He immediately performed a U-turn for the purpose of pacing Price's vehicle so as to determine its exact rate of speed. After catching up to Price's vehicle, Officer Mickelson paced it at sixty-seven miles per hour in a fifty-five mile per hour zone for approximately one mile, and pulled it over. Officer Mickelson notified the driver that he had been stopped for speeding and because his vehicle was missing its front license plate.
 
 
 6
 Officer Mickelson informed the district court that under written policy of the California Highway Patrol, when a vehicle is going more than ten miles per hour over the speed limit, officers are required to stop the vehicle and should cite the driver. Officer Mickelson also testified that it was his usual practice to stop vehicles that have missing license plates. While it may be true that Officer Mickelson's attention was drawn to Price's vehicle because it was similar to the description of the bank robber's get away car, this fact alone is insufficient to render the stop a pretext. See Lillard, 929 F.2d at 502 (upholding stop in which officer testified that he knew of defendant's suspected methamphetamine manufacturing, but would have stopped him anyway because of speeding and careless driving).
 
 
 7
 The district court found that Officer Mickelson's reasons for stopping Price's vehicle were credible, and specifically found that "Officer Mickelson stopped [Price's vehicle] because he observed [its driver] to be in violation of two traffic laws." These findings are consistent with the record, and not clearly erroneous. That the California Highway Patrol had previously stopped two vehicles matching the get away car's description is not evidence that this stop was a pretext. This stop was made after the active search had broken off, and after Officer Mickelson had returned to routine patrol.
 
 II.
 
 8
 Price argues that probable cause for his arrest did not exist when Officer Mickelson took his keys and requested that he exit his vehicle. We disagree.
 
 
 9
 Probable cause exists when, under the totality of circumstances known to an arresting officer, a prudent person would have concluded that there was a fair probability that a defendant had committed a crime. United States v. Garza, 980 F.2d 546, 550 (9th Cir.1992). Moreover, an arresting officer need not have personal knowledge of the facts sufficient to constitute probable cause. Id. "Probable cause may be based on the collective knowledge of all of the officers involved in the investigation and all of the reasonable inferences that may be drawn therefrom." Id.
 
 
 10
 In the case at hand, Officer Mickelson had received a general description of the bank robber by monitoring California Highway Patrol dispatch broadcasts. The broadcast descriptions were based upon interviews of witnesses in the bank during the robbery, and witnesses who observed a red Corvette in the vicinity of the bank before the robbery and leaving the vicinity immediately after the robbery. Officer Mickelson received the first of the broadcasts approximately fifteen minutes after the bank robbery. He received the last and most detailed of the broadcasts approximately one hour after the bank robbery, and ten minutes before he caught sight of Price's vehicle.
 
 
 11
 The broadcasts advised Officer Mickelson that the bank robber was thought to be a white male, twenty-five to thirty-five years old, approximately six feet, two inches tall, approximately 190 pounds, and with medium length blond hair. They also advised him that the bank robber was wearing or had in his possession black pants, a black sweat shirt, and a baseball hat. Finally, the broadcasts advised that the bank robber was thought to be traveling southbound on Highway 101 in a red Corvette.
 
 
 12
 The vehicle stopped by Officer Mickelson was a maroon Corvette traveling southbound on Highway 101. The vehicle was approximately twenty-five miles from the site of the bank robbery. As Officer Mickelson approached the driver of the maroon Corvette, he observed that the driver had medium length blond hair. He also observed that the driver fit the broadcast's height, weight and age descriptions. These observations were confirmed by an examination of the driver's operator's license. Although the driver was wearing clothes different from those described by the broadcasts, Officer Mickelson noticed black pants and what appeared to be a black sweat shirt or sweater laying in the front passenger seat area. He also saw a blue baseball cap in the vehicle. At this point Officer Mickelson took the driver's keys and requested that he exit his vehicle. Under the totality of these circumstances, there existed probable cause to arrest Price in connection with the bank robbery. The district court did not err in its finding of probable cause.[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we find that probable cause to arrest existed at the time Officer Mickelson took Price's keys and requested that he exit his vehicle, we need not address Price's argument that Officer Mickelson's subsequent "pat down" search of Price was not a lawful search incident to arrest