67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Robert TAYLOR, Defendant-Appellant.
 No. 94-30332.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 22, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Robert Taylor appeals his conviction after entering a conditional guilty plea to possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Taylor contends that the district court erred in denying his motion to suppress because: the stop was pretextual and was not based upon reasonable suspicion. We have jurisdiction under 18 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 We review de novo the district court's denial of a motion to suppress evidence. United States v. Flippin, 924 F.2d 163, 164 (9th Cir.1991). Similarly, we review de novo whether reasonable suspicion existed to stop a vehicle. United States v. Fouche, 776 F.2d 1398, 1402 (9th Cir.1985). Credibility factual findings are reviewed for clear error. See United States v. Millan, 36 F.3d 886, 889 (9th Cir.1994); United States v. Nance, 962 F.2d 860, 862 (9th Cir.1992).
 
 
 4
 Taylor claims the stop was pretextual because a reasonable police officer would not have stopped the vehicle absent a desire to investigate for a more serious crime. We disagree.
 
 
 5
 We analyze an investigative stop under the objective standard, examining the objective facts and asking whether a reasonable officer, given the circumstances, would have made the stop absent a desire to investigate an unrelated offense. See United States v. Hernandez, 55 F.3d 443, 445 (9th Cir.1995) (citing United States v. Cannon, 29 F.3d 472, 476 (9th Cir.1994)).
 
 
 6
 Officer Blair saw a vehicle after midnight driving in an area known as "felony flats." He testified that this "sparked [his] suspicion." The officer's computer terminal printout indicated that the registered owner was a twenty-year-old female with an instructional permit. The driver appeared to match the age of the registered owner. The driver also appeared to be driving without an adult passenger, a traffic violation under Oregon law.
 
 
 7
 The officer's printout indicated that the female registered owner was six feet four inches tall and weighed 220 pounds. The officer testified that he failed to read the entire printout because he was trying to drive safely and regain sight of the vehicle. Moreover, he stated that he could not determine the height of the driver from his vehicle. The officer then decided to stop the driver because in most cases the driver of a vehicle was also the registered owner. After the officer stopped the vehicle, Taylor, who was not in plain sight, "popped" out of the passenger seat and threw what turned out to be a firearm under the vehicle. The driver of the vehicle, who was not the registered owner, was subsequently found to be five feet five inches and weighing 120 pounds. Taylor moved to suppress the evidence, claiming that the stop violated his Fourth Amendment rights.
 
 
 8
 The district court found the officer's testimony to be credible. The district court also found that the stop was not pretextual because the officer would have stopped the vehicle notwithstanding his general suspicions. The court further found that reasonable suspicion existed for the officer to stop the vehicle. Nothing in the record indicates it was unreasonable for officer Blair to fail to read part of the computer readout. Given these circumstances, a reasonable officer would have stopped the vehicle for driving without the privileges of a licensed driver despite any subjective suspicions. See Cannon, 29 F.3d at 476. The district court's factual findings are not clearly erroneous. See Millan, 36 F.3d at 889.
 
 
 9
 Taylor contends that the officer lacked reasonable suspicion to stop the vehicle. We disagree. "Founded suspicion exists when an officer is aware of specific articulable facts, that, together with rational inferences drawn from them, reasonably warrant a suspicion that the person to be detained has committed or is about to commit a crime." United States v. Robert L., 874 F.2d 701, 703 (9th Cir.1989). Traffic violations constitute criminal conduct which provide reasonable suspicion for a brief investigatory stop. United States v. Gutierrez-Mederos, 965 F.2d 800, 803 (9th Cir.1992), cert. denied, 113 S.Ct. 1315 (1993).
 
 
 10
 Here, Blair had specific articulable facts that the driver was operating her vehicle without an adult passenger in violation of the terms of her instructional permit. Therefore, the officer had reasonable suspicion to stop the vehicle. See Gutierrez-Mederos, 965 F.2d at 803. Because the stop was not pretextual, the subsequent seizure of evidence was valid. See Hernandez, 55 F.3d at 445.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Because the panel unanimously finds this case suitable for decision without oral argument, we deny Taylor's request for oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3