77 F.3d 491
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose DeJesus Garcia LOPEZ, Defendant-Appellant.
 No. 95-30237.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose DeJesus Garcia Lopez appeals his conviction after pleading guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Lopez contends that the district court erred by denying his suppression motion because: (1) Lopez's consent to the car search was not knowing, voluntary or intelligent and (2) even if there was proper consent, the search exceeded the scope of Lopez's consent. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 Consent to Search
 
 3
 Lopez contends that he did not give a knowing, voluntary or intelligent consent to search the vehicle because: (1) Lopez's rudimentary knowledge of the English language affected his ability to understanding that he could refuse Officer Butler's request and Lopez was not informed that he could refuse the search; and (2) the exchange between Officer Butler and Lopez revealed a coercive environment surrounding the consent. Lopez's contentions lack merit.
 
 
 4
 The district court's determination that Lopez voluntarily consented to the search is reviewed for clear error. United States v. Cannon, 29 F.3d 472, 477 (9th Cir.1994). Voluntariness of a search is a question of fact to be determined from the totality of the circumstances. Id. On appeal, the evidence must be viewed in the light most favorable to the fact-finder's decision. United States v. Gutierrez-Mederos, 965 F.2d 800, 803 (9th Cir.1992), cert. denied, 507 U.S. 932 (1993). In reviewing the district court's decision, several factors must be considered to determine whether there was any overt or inherent coercion that would render Lopez's consent involuntary. United States v. Perez, 37 F.3d 510, 515 (9th cir. 1994); see also, United States v. Castillo, 866 F.2d 1071, 1082 (9th Cir.1988) (articulating factors to be considered in determining whether consent was voluntary). Voluntariness does not require that the defendant know he has the right to refuse consent. Schneckloth v. Bustamonte, 412 U.S. 218, 234 (1973).
 
 
 5
 Here, the colloquy between Lopez and Officer Butler is strong evidence that Lopez had enough command of the English language to render his consent voluntary. See Gutierrez-Mederos, 965 F.2d at 803. Applying the factors set forth in Castillo, there is no suggestion that Officer Butler exerted any coercion on Lopez. See Perez, 37 F.3d at 515; Castillo, 866 F.2d at 1082. Officer Butler informed Lopez that he was free to leave prior to asking for consent to search the vehicle. See Castillo, 866 F.2d at 1082. At the time Officer Butler asked for consent to search the vehicle, he did not give Lopez his Miranda warnings, but they were not required since Lopez was not under arrest. See id. Lopez signed a Spanish version of the written consent form stating that he had the right to refuse the search. See id. Although Officer Butler did not inform Lopez of his right to refuse the search, informing Lopez of this right is not a prerequisite to establish voluntary consent. See Schneckloth, 412 U.S. at 234. Accordingly, reviewing the totality of the circumstances the district court did not clearly err by ruling that Lopez's consent was voluntary. See Perez, 37 F.3d at 515; Castillo, 866 F.2d at 1082.
 
 Scope of Search
 
 6
 Lopez contends that Officer Butler only had limited consent to search because Officer Butler's use of the word "mira" (Spanish for "look") in asking for consent did not entail attempting to remove the seat or subjecting the car to a narcotics dog. The district court did not address whether the scope of the search allowed the officer to use any means available because the court found that the officer had probable cause.
 
 
 7
 The determination of probable cause is a mixed question of law and fact reviewed de novo. United States v. Perez, 67 F.3d 1371, 1375 (9th Cir.1995); United States v. Dunn, 946 F.2d 615, 618 (9th Cir.), cert. denied, 502 U.S. 950 (1991). The police may search a vehicle without a search warrant where there is probable cause to believe that the vehicle contains evidence of a crime or contraband. California v. Carney, 471 U.S. 386, 392 (1985); Perez, 67 F.3d at 1375. We have defined probable cause as " 'requiring a reasonable belief, in light of the officer's experience and the practical considerations of everyday life,' that contraband or evidence would be found in the place to be searched." Perez, 67 F.3d at 1375 (quoting United States v. Robertson, 606 F.2d 853, 858 (9th Cir.1979)).
 
 
 8
 Here, the colloquy between Lopez and Officer Butler concerning the vehicle's ownership and destination taken in conjunction with Butler's search of the vehicle's interior and trunk gave the officer probable cause to use a narcotics dog when he confirmed the existence of the hidden compartment. See Perez, 67 F.3d 1375. Because Officer Butler had probable cause his use of the narcotics dog was a reasonable method of searching the hidden compartment. Accordingly, the search of the hidden compartment did not exceed the scope of consent because there was probable cause supporting the search. See Perez, 67 F.3d 1375. The district court properly denied Lopez's motion to suppress. See Perez, 67 F.3d 1375; Perez, 37 F.3d at 515; Castillo, 866 F.2d at 1082.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Lopez's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3