101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Arlo Wesley DAY; aka Christopher Thomas Bader Defendant-Appellee.
 No. 96-30036.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 2, 1996.*
Decided Nov. 14, 1996.
 
 Before: CHOY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arlo Wesley Day appeals the district court's denial of his pretrial suppression motion following which Day entered a conditional plea to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1)(c). Day claims that he did not give his consent to an Oregon State Policeman and DEA agent to conduct a full search of items in his sleeping compartment on an Amtrack train.
 
 
 3
 Day had been traveling from Los Angeles, California to Seattle, Washington on an Amtrack train. He got off the train at Union Station in Portland, Oregon to make a phone call. On his way back to the train, an Oregon Policeman, Ray Duman, and a DEA Agent, Pat O'Connor, asked whether Day had marijuana in his sleeping compartment. Day responded that he did. Officer Duman asked Day if they could go back to the sleeping compartment and get the marijuana. Day obliged. The agents went to the compartment, where Day reached into a duffel bag and took out a small amount of marijuana and some rolling papers. Officer Duman then asked if he could look around the rest of the sleeping compartment. Day responded "Sure, go ahead." The agents then searched a backpack in the sleeping compartment and found a kilo of cocaine.
 
 
 4
 Because we believe that the search was within the scope of Day's consent, we affirm the district court's denial of Day's motion to suppress.
 
 I.
 
 5
 In measuring the limits of appellant's consent, courts "assess what a reasonable person would have understood" about the exchange between the appellant and the official. U.S. v. Gutierrez-Mederos, 965 F.2d 800, 803 (9th Cir.1992), cert. den. 507 U.S. 932 (1993), (citing Florida v. Jimeno, 500 U.S. 248, 251 (1991). Appellant argues that Officer Duman should have asked Day for permission to search his pack, and that at no time did he consent to a search of the backpack. However, the Supreme Court in Jimeno flatly rejected this approach, stating that it saw "no basis for adding this sort of superstructure to the Fourth Amendment's basic test of objective reasonableness." 500 U.S. at 252.
 
 
 6
 Appellant also contends that Officer Duman's request to "look around" connoted a request for a "brief, external observation." Appellant's Opening Brief at 7. However, the semantic distinction between a request to "look around" and a request "to search" is not borne out in the law. In Gutierrez-Mederos, this court held that an appellant who told officers to "go ahead" when they asked if they could check for weapons and narcotics in his car "authorized the trooper to search any container within the car that reasonably could contain contraband." 965 F.2d at 803-804; Jimeno, 500 U.S. at 251 ("it was objectively reasonable for the police to conclude that the general consent to search respondent's car included consent to search containers within that car which might bear drugs.").
 
 
 7
 Appellant also claims that this court should accord him a heightened expectation of privacy because a sleeping compartment is more like a house than an automobile.[1] However, this distinction is irrelevant since this is not a case where a person failed to object to a search. Cf. United States v. Shaibu, 920 F.2d 1423, 1428 (9th Cir.1990) ("a defendant's failure to object to such entry is not sufficient to establish free and voluntary consent."). Day gave the officers permission to "look around" the compartment after he had forfeited a container of marijuana.
 
 
 8
 Because we believe that the search was within the scope of Day's consent, we AFFIRM the district court.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Compare California v. Carney, 471 U.S. 386, 392 (1985) (warrantless search of a mobile motor home in which a person has a reduced expectation of privacy), and United States v. Gooch, 6 F.3d 673 (9th Cir.1993) (a tent is like a house, and therefore appellant had a reasonable expectation of privacy)