**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Graylon DILLON, Defendant–**
**Appellant.**

No. 06–10228.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 2007.

Filed March 1, 2007.

Patrick M. Walsh, United States District Court, Office of the Clerk, Las Vegas, NV, for Plaintiff–Appellee.

Kevin M. Kelly, Esq., Kelly & Sullivan, Ltd., Las Vegas, NV, Defendant–Appellant.

Before: NOONAN, TASHIMA, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Graylon Dillon ("Dillon") conditionally pleaded guilty to possession of a controlled substance with intent to distribute, preserving his right to appeal the denial of his suppression motion. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

In this case involving "the automobile exception" to the Fourth Amendment's requirement of a warrant, three alternative grounds exist, each of which we adopt in affirming:

1. The pattern of transactions of the drug gang that had been under investigation for two months was sufficient to alert the investigators that there was a fair probability of drugs in Dillon's car. The police could reasonably believe that his pattern of behavior conformed to a pattern they had already observed as the modus operandi for the transfer of drugs.

2. The police, having observed Dillon drive recklessly, had a basis to stop him. He gave consent to the consequent search. The subjective intent of the officer making the search was not relevant. *United States v. Ibarra,* 345 F.3d 711, 714 (9th Cir.2003).

---

\* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

3. Dillon, as the officers knew, was on probation or parole, forbidden to carry a weapon. Without his consent, on reasonable suspicion alone, the police could search him and the car he drove. *United States v. Knights*, 534 U.S. 112, 122, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001). On any of the above grounds, the police permissibly searched the entire car including the dashboard panel where the drugs were found. *United States v. Gutierrez–Mederos*, 965 F.2d 800, 804 (9th Cir.1992).

AFFIRMED.

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided for by 9th Cir. R. 36–3.