UNITED STATES of America,
Plaintiff–Appellee,

v.

Alejandro ARANA–DUARTE,
Defendant–Appellant.

No. 06–10635.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2007.

Filed June 27, 2007.

Robert L. Ellman, Esq., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Arthur L. Allen, Esq., FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: SCHROEDER, Chief Circuit Judge, CANBY and McKEOWN, Circuit Judges.

## MEMORANDUM *

Alejandro Arana–Duarte appeals from the denial of his motion to suppress evidence seized during a prolonged traffic stop and from his conviction for possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). The district court's denial of a motion to suppress is reviewed de novo and its factual findings are reviewed for clear error. *United States v. Garcia,* 205 F.3d 1182, 1186 (9th Cir.2000). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. The facts of this case are familiar to the parties and we recite them here only to the extent necessary to explain our decision.

■ We reject Arana–Duarte's argument that Trooper Moonin unlawfully prolonged the stop and broadened the scope of questioning by asking him whether he was carrying contraband. Even if we assume that the stop was not a consensual encounter after Trooper Moonin returned Arana–Duarte's paperwork and told him he was free to leave, *see United States v. Chavez–Valenzuela,* 268 F.3d 719, 724–25 (9th Cir.2001), *amended by* 279 F.3d 1062 (9th Cir.2002), we conclude that reasonable suspicion supported the decision to prolong the stop and broaden the scope of questioning. Trooper Moonin testified, among other things, that (1) he saw two air freshener units in the vehicle and smelled an overwhelming odor' of air freshener, the smell of which is often used to mask the odor of narcotics, *see United States v. Rojas–Millan,* 234 F.3d 464, 470 (9th Cir.2000) (unusually strong odor of perfume emanating from car was suspicious as possible attempt to mask smell of illegal drugs), (2) there were three cell phones in the car for only two passengers, which is suspicious because drug couriers are often given a phone by drug dealers for use to stay in contact throughout the trip, (3) Arana–Duarte's driver's license was from California, but the car was registered in his name in Missouri, which can be a sign that a drug courier is legitimizing a trip by driving a car registered in the destination state, (4) Arana–Duarte appeared extremely nervous and was not appeased when the officer indicated the nature of the stop was for a traffic violation, *see United States v. Murillo,* 255 F.3d 1169, 1174 (9th Cir.2001) (unusually nervous behavior is a suspicious factor that may contribute to a finding of reasonable suspicion), and (5) the responses given to the officer when he talked with Arana–Duarte and his passenger separately were at times vague and contradictory, thus arousing his suspicions as to the trip's purpose and their credibility, *see Rojas–Millan,* 234 F.3d at 470 (vague and conflicting stories from driver and passenger was suspicious factor contributing to reasonable suspicion). Considering these factors, there was sufficient reasonable suspicion supporting Trooper Moonin's brief detention of Arana–Duarte after the records check to broaden the scope of questioning to include whether any contraband was present in the vehicle. *See, e.g., id.; United States v. Perez,* 37 F.3d 510, 514 (9th Cir.1994).

■ We also reject Arana–Duarte's argument that he did not knowingly and voluntarily consent to the search of his vehicle. The district court's determination

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the voluntariness of consent to search is reviewed for clear error. *United States v. Todhunter*, 297 F.3d 886, 891 (9th Cir. 2002). The totality of the circumstances supports the district court's finding that Arana–Duarte voluntarily consented to the search. After verbally warning Arana–Duarte about speeding, Trooper Moonin returned Arana–Duarte's paperwork and told him he was free to leave. Arana–Duarte thereafter gave separate consent for the search—both verbally and in writing.

At the evidentiary hearing, Arana–Duarte admitted that he orally consented to the search in response to Trooper Moonin's request. Arana–Duarte also admitted to filling in the proper time and signing the Spanish-language search consent form, but testified that he did not read the form and believed he was signing an acknowledgment of the warning he received for speeding. In light of the officer's testimony, the district court found Arana–Duarte's explanation that he did not read and understand the form was "dubious at best." The district court's findings that Arana–Duarte's testimony was not credible and that his consent was given separately from the warning are supported by the record and are not clearly erroneous. *See, e.g., Perez*, 37 F.3d at 515 (consent given after verbal warning for traffic violation and return of defendant's paperwork found voluntary under the circumstances); *United States v. Gutierrez–Mederos*, 965 F.2d 800, 803 (9th Cir.1992) (oral consent was voluntary despite defendant's claim that his background and limited ability to speak English prevented him from voluntarily consenting).

Arana–Duarte was not in custody, the officers' guns were not drawn, the officers did not indicate that they could obtain a warrant if he did not consent, nor was there evidence of other coercive tactics.

We agree with the district court's finding that under the totality of circumstances, Arana–Duarte's consent was freely and voluntarily given. *See United States v. Castillo*, 866 F.2d 1071, 1082 (9th Cir.1989) (collecting factors relevant to determination of voluntariness: (1) whether the defendant was in custody, (2) whether the arresting officers had their guns drawn, (3) whether *Miranda* warnings were given, (4) whether the defendant was notified that he had a right not to consent, and (5) whether the defendant was told a search warrant could be obtained).

**AFFIRMED.**