**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CRISTOBAL HERNANDEZ, JR.,

      Plaintiff-Appellant,

 v.

JANICE K. BREWER, Governor of the
State of Arizona, in her official capacity;
MARK BRNOVICH, Assistant U.S.
Attorney, Arizona Attorney General, in his
official and individual capacities; STATE
OF ARIZONA; COUNTY OF PINAL, a
political subdivision of the State of
Arizona; JAMES P. WALSH, in his
official and individual capacities; PINAL
COUNTY BOARD OF SUPERVISORS,
in their official capacities; STEPHEN C.
LEPLEY, Section Chief, Financial
Remedies Section, in his official and
individual capacities; KATRIN M.
NELSON, Assistant Attorney General, in
her official and individual capacities;
ERIC J. HERRMANN, Assistant Attorney
General, in his official and individual
capacities; BARTON J. FEARS, Assistant
Attorney General, in his official and
individual capacities; MATTHEW D.
CONTI, Assistant Attorney General, in his
official and individual capacities; JANET
GYGAX, Officer, Pinal County Attorney's
Office, in her official and individual
capacities; PAUL R. BABEU, Sheriff, in

No.   13-16826

D.C. No. 2:11-cv-01945-JAT

MEMORANDUM[*]

his official and individual capacities; JAMES RIMMER, Pinal County Sheriff's Office, in his official and individual capacities; BENJAMIN PARRY, Deputy Sheriff for the PCSO, in his individual and official capacities; TERRY L. GODDARD, husband; MONICA GODDARD, wife,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted August 4, 2016[**]

Before: D.W. NELSON, GRABER, and WATFORD, Circuit Judges.

Cristobal Hernandez, Jr., appeals the district court's order disposing of all of Hernandez's twenty-two claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly dismissed Hernandez's 42 U.S.C. § 1983 claim alleging violations of the Fourth and Fourteenth Amendments (count 7) against all Pinal County Defendants except Defendant Deputy Sheriff Parry. The

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court properly concluded that Hernandez made only conclusory statements as to the alleged violations and that he failed to provide any factual basis for his claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The district court's grant of summary judgment to Deputy Parry on count 7 was also proper. The court correctly ruled that there was no genuine dispute of material fact as to whether Deputy Parry had reasonable suspicion to stop Hernandez when he observed Hernandez operating a vehicle with a broken tail light. *See United States v. Gutierrez-Mederos*, 965 F.2d 800, 803 (9th Cir. 1992). The court also properly found that Deputy Parry's request to Hernandez to "hold on" did not unreasonably prolong the stop, nor did it transform the stop into an arrest. *See Gallegos v. City of Los Angeles*, 308 F.3d 987, 991 (9th Cir. 2002). Further, Deputy Parry's use of a police dog, which alerted around the driver's door of Hernandez's car, did not transform the stop into an arrest, and gave Deputy Parry probable cause to search the entire car. *See Illinois v. Caballes*, 543 U.S. 405, 409 (2005); *United States v. Ibarra*, 345 F.3d 711, 716 (9th Cir. 2003). Finally, the district court also properly granted summary judgment to Deputy Parry on qualified immunity grounds. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

2. The district court properly dismissed Hernandez's claim alleging a violation under 18 U.S.C. § 961 (count 14), his state law claim of negligence (count 16), and his state law claim of gross negligence (count 17). The court properly concluded that Hernandez made only conclusory statements as to these counts, and he therefore failed to satisfy the pleading standard. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

3. The district court properly dismissed Hernandez's state law claims alleging defamation, libel and/or false light (count 13), and negligent and intentional infliction of emotional distress (count 15). The statute of limitations bars those claims. *See* ARIZ. REV. STAT. § 12-821.

4. The district court properly disregarded Hernandez's allegations related to the October 21, 2009 traffic stop. Hernandez did not link any of the facts of the stop to any of the legal claims raised in the operative complaint.

5. The district court did not abuse its discretion in refusing to address further Hernandez's claims that Appellees were withholding discovery. *See Preminger v. Peake*, 552 F.3d 757, 768 n.10 (9th Cir. 2008). Hernandez repeatedly failed to comply with court-ordered procedures regarding discovery disputes.

6. Hernandez's claim that Appellees engaged in fraud upon the court fails. We vacate judgments for fraud upon the court "with restraint and discretion . . .

4

and only when the fraud is established by clear and convincing evidence." *United States v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011) (internal quotation marks and citation omitted). Hernandez is unable to satisfy his burden, and we therefore decline to vacate the district court's judgment.

7. On appeal, Hernandez did not adequately raise his arguments that the district court erroneously denied (1) his request for leave to file another amended complaint and (2) his motion for a change of venue. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012). Even if Hernandez's arguments are not waived, the district court properly denied those motions.[1]

**AFFIRMED.**

---

[1] In his briefing, it is unclear whether Hernandez attempted to raise more arguments on appeal. Because we review only the issues that "are argued specifically and distinctly in a party's opening brief," any other arguments are waived or forfeited. *Cruz*, 673 F.3d at 998 (internal quotation marks omitted).