**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-272 |
| Plaintiff - Appellee, | D.C. No. 3:21-cr-00422-GPC-2 |
| v. | |
| GENE ANTHONY CASTILLO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted May 10, 2024
Pasadena, California

Before: WARDLAW, CHRISTEN, and BENNETT, Circuit Judges.

Gene Castillo appeals from his convictions for importing methamphetamine, conspiracy to distribute methamphetamine, and attempted obstruction of justice. Because the parties are familiar with the facts, we do not recount them here. We review for abuse of discretion a district court's evidentiary rulings and denial of a motion for a new trial. *United States v. Kohring*, 637 F.3d 895, 903 (9th Cir.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

2011); *United States v. Murillo*, 288 F.3d 1126, 1140 (9th Cir. 2002). We review de novo a district court's suppression rulings and review underlying factual findings for clear error. *United States v. Evans*, 786 F.3d 779, 784 (9th Cir. 2015). We also review de novo a district court's *Brady/Giglio* determinations, *Kohring*, 637 F.3d at 901, and "review the district court's interpretation of the Speedy Trial Act de novo" and its ends of justice analysis for clear error. *United States v. Orozco-Barron*, 72 F.4th 945, 954 (9th Cir. 2023). We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

1. The district court did not err in concluding that the Riverside stop and search were lawful. The record supports the district court's credibility determinations and the officers' testimony about the car's heavily tinted windows provided reasonable suspicion to stop the car Castillo was driving. *See United States v. Wallace*, 213 F.3d 1216, 1220–21 (9th Cir. 2000). The officers did not unreasonably prolong the stop by conducting "ordinary inquiries incident to" the stop, *Rodriguez v. United States*, 575 U.S. 348, 355 (2015) (citation omitted), and their concern about potential human trafficking given Cuevas's young appearance provided independent reasonable suspicion to prolong the encounter to identify her, *see United States v. Landeros*, 913 F.3d 862, 867 (9th Cir. 2019).

The district court did not clearly err by ruling that Castillo consented to the officers searching his car. The officers' body cameras captured Castillo nodding

2

but not his verbal responses to the officers' request to search for guns and drugs, and the record does not show that the district court clearly erred by accepting the officers' testimony about Castillo's responses.  The district court's finding that the consent was voluntary is supported by the record, as Castillo was not in custody and the officers did not draw their guns, threaten him, or tell him they could obtain a warrant.  *See United States v. Castillo*, 866 F.2d 1071, 1082 (9th Cir. 1988) (laying out factors for evaluating voluntariness of consent).  The district court did not clearly err by concluding that Castillo's consent extended to the trunk and suitcase, which could have contained drugs or guns and were opened with Castillo's key.  *See Florida v. Jimeno*, 500 U.S. 248, 251 (1991); *United States v. Gutierrez-Mederos*, 965 F.2d 800, 803–04 (9th Cir. 1992) ("[W]e must assess what a reasonable person would have understood by the exchange between him and the trooper.").

2.  The district court did not abuse its discretion by admitting evidence of the Riverside stop and search under Federal Rules of Evidence 404(b) and 403.  We use a four-part test to determine admissibility under Rule 404(b): "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994).

3

The district court did not err by reasoning that Castillo's knowledge of drugs in the car in the Riverside stop increased the likelihood that he knew that there were drugs in the car crossing the border. *See United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005). The two stops were three months apart; Castillo admitted that the Riverside drugs were his; and the stops shared the same mode of transporting methamphetamine, method of packaging methamphetamine, and distribution-scale drug quantities. Nor did the court abuse its discretion by admitting the evidence under Rule 403, as it was probative of Castillo's knowledge and—while undoubtedly prejudicial—had diminished prejudicial effect because the district court gave two limiting instructions. *See United States v. Flores-Blanco*, 623 F.3d 912, 920 (9th Cir. 2010). The prejudicial effect of the evidence was also minimized by Cuevas's testimony, which contributed to the overwhelming evidence of Castillo's guilt.

3. The government did not violate *Giglio* by disclosing impeachment evidence about one of the Riverside police officers the day before trial. The government's argument that it acted properly because the evidence was ruled inadmissible impermissibly "collapses *Brady*'s three-part test into an examination of materiality." *United States v. Bruce*, 984 F.3d 884, 898 (9th Cir. 2021). The threshold question is whether the government owed a duty to produce the evidence. Although the district court ultimately ruled the evidence inadmissible under

Federal Rule of Evidence 609, we agree with the district court that the government was unquestionably required to disclose the officer's prior conviction, or at the least submit it for *in camera* review and request the court's permission to withhold it. *See United States v. Price*, 566 F.3d 900, 903 (9th Cir. 2009). That said, there is not "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985) (plurality opinion). The evidence was deemed inadmissible and the facts of the Riverside stop were supported by other evidence.[1] The officer's testimony was not necessary for Castillo's conviction given Cuevas's highly inculpatory testimony and other evidence connecting him to the drugs.

4. Castillo's speedy trial rights were not violated. The two magistrate judges who granted the government's requests to extend the indictment deadline found that the "ends of justice" were served by extending the deadline based on the suspension of grand jury proceedings due to the COVID-19 pandemic. The court complied with the Speedy Trial Act's requirements by setting forth "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A). Castillo also argues that he was brought to trial late, but

---

[1] The district court did not abuse its discretion by excluding the officer's conviction under Rule 609 because it was over ten years old and only minimally probative of the officer's character for truthfulness.

5

the Speedy Trial Act states that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2). Castillo did not move to dismiss the indictment before trial and therefore waived his speedy trial right.

5. The district court did not abuse its discretion by denying Castillo's motion for a new trial. "To obtain a reversal based on prosecutorial misconduct, [the defendant] must establish both misconduct and prejudice." *United States v. Wells*, 879 F.3d 900, 934 (9th Cir. 2018) (alteration in original) (citation omitted). While Cuevas's testimony about domestic violence was prejudicial, the district court struck most of the inadmissible testimony and instructed the jury to disregard it. "A cautionary instruction from the judge is generally sufficient to cure any prejudice from the introduction of inadmissible evidence . . . ." *United States v. Lemus*, 847 F.3d 1016, 1024 (9th Cir. 2016). It was not clear that Cuevas's statement about getting stabbed implicated Castillo and counsel did not ask the court to admonish the jury to disregard it. Moreover, "the independent evidence of guilt overwhelmed the impact of the error," so Castillo was not unfairly prejudiced. *See United States v. Davis*, 932 F.2d 752, 762 (9th Cir. 1991).

6. There was sufficient evidence for the jury to convict Castillo of the two drug offenses. The court "determine[s] whether 'after viewing the evidence in the

light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The jury received substantial direct and circumstantial evidence of Castillo's knowledge of the methamphetamine in the car at the border—the key contested element of both charges. This is not a case where "the evidence of innocence, or lack of evidence of guilt, is such that all rational fact finders would have to conclude that the evidence of guilt fails to establish every element of the crime beyond a reasonable doubt." *See id.* at 1165.

**AFFIRMED.**